Marc J. Randazza, Esq. CA Bar No. 269535
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

Attorneys for Defendants,
GRANT WINKER, KEN DELEON
and GRANT INTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SINGH and ROBIN SINGH EDUCATIONAL SERVICES, INC., a California corporation, doing business as TESTMASTERS, <br><br> Plaintiffs, <br><br> vs. <br><br> GRANT WINKER, individual and doing business as TOP-LAW-SCHOOLS.COM; KEN DeLEON, individually and doing business as TOP-LAW-SCHOOLS.COM; GRANT INTERPRISES INC., a Florida corporation doing business as TOP-LAW-SCHOOLS.COM; PAMELA USUKUMAH; and DOES 1-10, <br><br> Defendants. | Case No. CV13-01001RGK(JCGx) <br><br> GRANT WINKER'S AND GRANT INTERPRISES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) OR IN THE ALTERNATIVE, TRANSFER TO S.D. FLA. <br><br> Hearing Date: June 10, 2013 <br> Hearing Time: 9:00 AM <br> Courtroom: 850 |

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................... 1

II.  STATEMENT OF UNDISPUTED FACTS ................................. 2

    A.  Parties ............................................................................... 2

    B.  Top-Law-Schools.com ...................................................... 2

    C.  Plaintiffs' Allegations ....................................................... 3

        1.  Claims Against Pamala Usukumah ........................... 3

        2.  Claims Against TLS Defendants ............................... 4

III.  LEGAL ARGUMENT ........................................................... 4

    A.  Standard of Review ........................................................... 4

    B.  The Court Lacks Personal Jurisdiction Over Defendants Grant Winker and Grant Interprises, Inc. Because Their Contacts With California Fail to Satisfy Due Process. ............................ 5

    C.  This Court Lacks General Personal Jurisdiction over Winker and Grant Interprises Because They Lack Substantial Contacts with California. ................................. 6

    D.  It Would Be Improper for the Court to Exercise Specific Personal Jurisdiction over Defendants Winker and Grant Interprises. ................................................................. 9

    E.  If Not Dismissed for Lack of Personal Jurisdiction, This Action Should be Transferred to the Southern District of Florida Pursuant to 28 U.S.C. § 1406(a) ........................... 15

IV.  CONCLUSION .................................................................... 17

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)................................................5

*Autogenomics, Inc. v. Oxford Gene Technology, Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009)................................................6

*Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) ........................13

*Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)................4

*Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, 2006 U.S. Dist. LEXIS 37641, *7 (C.D. Cal. June 6, 2006)................18

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); ................7

*Calder v. Jones*, 465 U.S. 783 (1984) ................11

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) ................6

*CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 2d 958, 973-74 (C.D. Cal. 2008) ................15

*Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937). ................4

*Gator.com*, 341 F.3d at 1079 ................8

*Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131-32 (9th Cir. 2003)................14

*Helicoperos Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) ................7

*Jones v. 3 GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ................17

*Life Alert Emergency Response, Inc., v. Lifealert Sec., Inc.*, Case No. CV 08-3226, 2008 WL 5412431 at *4 (C.D. Cal. Dec. 29, 2008). ................9

*Mavrix Photo, Inc. v. Moguldom Media Group, LLC* ................12

*Millennium Enter., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 921 (D. Or. 1999). ................13

*Modavox, Inc. v. AOL LLC*, 2009 U.S. Dist. LEXIS 40977, *7 (C.D. Cal. Apr. 14, 2009)................18

*Nubo Nav, Inc.*, 2012 WL 843503 at *4................16

*Panavision Int'l LP v. Toeppen*, 141 F.3d 1316, 1320-21 (9th Cir. 1998). ................6

*Rio Prop.*, 284 F.3d at 1021 .................................................................15

*Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)................................7

*Sparling v. Hoffman Constr. Co.*, 864 F. 2d 635, 639 (9th Cir. 1988)...................17

**<u>Statutes</u>**

28 U.S.C. § 1404(a) .................................................................17

28 U.S.C. § 1406(a) ...................................................................1

Cal. Civ. Pro. Code § 410.10 (2012) ......................................................6

12(b)(2) MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Grant Interprises, Inc. ("Grant Interprises") and Grant Winker, by and through their counsel of record, hereby move this Court to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction. Defendants' Motion is made pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and is based upon the following Memorandum of Points and Authorities, the accompanying Declaration of Defendant Grant Winker, the exhibits attached thereto, and any oral argument permitted by this Court.

## I. INTRODUCTION

Plaintiffs Robin Singh and Robin Singh Educational Services, Inc. allege that Defendants Grant Winker and Grant Interprises, along with Defendants Ken DeLeon and Pamela Usukumah, infringed their copyrights through the <top-law-schools.com> website, which is owned and operated by Grant Interprises. Specifically, Plaintiffs allege that Ms. Usukumah, who was an unpaid, volunteer forum moderator on the site, posted an offer on the website to distribute Plaintiffs' alleged copyrighted material from her personal e-mail account.

Plaintiffs are allegedly California residents; however, Defendants Grant Interprises and Mr. Winker have no connection with the State of California. Thus, Plaintiffs' attempt to bring suit against them in this Court violates their due process rights guaranteed by the United States Constitution. Moreover, even if the assertion of jurisdiction over Mr. Winker and Grant Interprises satisfies due process, this Court's exercise of jurisdiction over them would still be unreasonable. For these reasons, these moving Defendants respectfully request that this Motion be granted and that they be dismissed from this action, or in the alternative, that this action be transferred to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1406(a).

\\

\\

## II.  STATEMENT OF UNDISPUTED FACTS

### A.  Parties

1.  Defendant Grant Winker is the sole officer of Defendant Grant Interprises, Inc., a Florida corporation. Through Grant Interprises, Mr. Winker operates Top-Law-Schools.com ("TLS"), an Internet resource for prospective and current law students. Mr. Winker is a Florida resident.

2.  Until February 2011, Ken DeLeon co-owned TLS with Grant Winker, at which time Mr. DeLeon sold his interest in TLS to Mr. Winker.

3.  Upon information and belief, Defendant Pamela Usukumah is presently a third-year law student at Harvard Law School. Between December 2011 and November 2012, Ms. Usukumah was a volunteer Internet discussion moderator for TLS.

4.  Plaintiff Robin Singh Educational Services d/b/a TestMasters is allegedly a California corporation. Mr. Singh is a California resident. TestMasters offers undergraduate and graduate entrance examination preparation classes at facilities nationwide, including in Florida.

### B.  Top-Law-Schools.com

Defendant Grant Interprises operates TLS, an Internet resource for prospective law students, current law students, lawyers, and others interested in the legal profession. Defendant Grant Winker is the sole officer for Grant Interprises. TLS's most heavily used resource is its discussion forum, where TLS users discuss the law-school admissions process: for example, TLS users share personal statement writing tips, compare law schools admissions requirements, and discuss preparation techniques for the Law School Admissions Test ("LSAT"). (Declaration of Grant Winker ¶ 6, hereinafter "Winker Decl."). To post on TLS, one must register an account, which requires only that one verify that they have a valid e-mail address. (Winker Decl. ¶ 7.) TLS does not collect the names, addresses, or other personally identifying information of its members and does not

charge users to access its services. (Winker Decl. ¶ 7.) Moreover, TLS does not sell any products. (Winker Decl. ¶ 8.)

To facilitate orderly discussion among TLS's over 85,000 registered users, TLS grants some users the ability to moderate the discussion forum. TLS obtains user moderators from its registered membership base. Nearly every Internet discussion forum obtains discussion board moderators in a similar manner.

Moderators may delete posts made by users, ban users from the website, and perform other such ministerial tasks to enable efficient information sharing and robust debate without interference by spammers and Internet trolls.[1] Aside from the limited ability to perform these tasks, moderators are merely users of the site. TLS moderators are volunteers. They are not employed by TLS nor are they paid any compensation by TLS.

### C. Plaintiffs' Allegations

#### 1. Claims Against Pamala Usukumah

Plaintiffs assert various causes of action arising out of Ms. Usukumah's alleged distribution of Testmasters' course materials. First, Plaintiffs allege Ms. Usukumah breached her enrollment agreement with Testmasters, in which she agreed not to distribute Testmasters' course materials, by sending the works to others via her personal e-mail.

Additionally, Testmasters alleges that the course materials Ms. Usukumah allegedly distributed are copyrighted, and that Ms. Usukumah directly infringed Testmasters' copyrights by creating a post on TLS offering to send these materials from her private e-mail account to those that contacted her.

Plaintiffs assert claims against Ms. Usukumah for copyright infringement, breach of contract, breach of confidence, interference with contract,

---

[1] An Internet troll posts offensive or contentious material on a forum or chat room to bait other users into heated arguments that detract from substantive discussion.

1   and unfair competition. Defendants Winker and Grant Interprises, Inc. take no

2   position on the validity of the claims against Ms. Usukumah, but it is clear that the

3   Plaintiffs have at least a *prima facie* case against her. It is also clear that they have

4   included the other Defendants in this action wholly improperly, as an attempt to

5   extract a settlement from a "deep pocket."

6                    *2. Claims Against TLS Defendants*

7       Plaintiffs allege that Winker and Grant Interprises, among other Defendants,

8   are liable for Ms. Usukumah's alleged copyright infringement because she

9   infringed Plaintiffs' copyrights "in her capacity as moderator for TLS." (Complaint

10  at ¶ 33.) Plaintiffs do not allege that Defendants Winker and Grant Interprises

11  instructed Ms. Usukumah to infringe Plaintiffs' copyrights. Plaintiffs assert claims

12  against Winker and Grant Interprises for direct and vicarious copyright

13  infringement, breach of confidence, tortious interference of contract, and unfair

14  competition under California Business & Professional Code § 17200. All of the

15  claims against Defendants Winker and Grant Interprises are based upon actions

16  taken by Usukumah, a Massachusetts resident.

17  **III.  LEGAL ARGUMENT**

18      **A.    Standard of Review**

19      As a prerequisite to adjudicating any dispute, the Court must have personal

20  jurisdiction over the parties before it. *Employers Reinsurance Corp. v. Bryant*, 299

21  U.S. 374, 382 (1937). While the plaintiff in a lawsuit submits to the jurisdiction of

22  a forum by filing suit there, the plaintiff must demonstrate that it has personal

23  jurisdiction over each and every defendant. *Boschetto v. Hansing*, 539 F.3d 1011,

24  1015 (9th Cir. 2008). When any defendant asserts lack of personal jurisdiction as

25  an affirmative defense pursuant to Rule 12(b)(2) of the Federal Rules of Civil

26  Procedure, the court must satisfy itself that jurisdiction exists over that defendant

27  before proceeding to the merits of the case. In its inquiry, the court may find that it

28  has general personal jurisdiction, specific personal jurisdiction, or no jurisdiction at

all. *Boschetto*, 539 F.3d at 1016. If the Court concludes that it lacks jurisdiction over the defendants, it has no discretion to proceed to the merits of the case. *Bryant*, 299 U.S. at 382.

Plaintiffs make only one statement in their Complaint that purports to establish jurisdiction over all Defendants—that they "are subject to the general and personal jurisdiction of this Court because of their contacts with the State of California and their contacts with this District, which have included committing intentional acts, expressly aimed at this District, causing harm that Defendants knew was likely to be suffered in this District." (Complaint ¶ 3.) Plaintiffs' contention is false with respect to Mr. Winker and Grant Interprises. Moreover, mere conclusory statements that support recitals of the elements of a cause of action are not sufficient as the basis for a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, it is inappropriate—particularly in the context of a motion to dismiss for lack of personal jurisdiction—to assume nothing more than mere legal conclusions are true. *Iqbal,* 556 U.S. at 679.

Under these standards, Plaintiffs' Complaint should be dismissed against Defendants Grant Interprises, Inc. and Grant Winker, as the Court lacks personal jurisdiction over them.

## B. The Court Lacks Personal Jurisdiction Over Defendants Grant Winker and Grant Interprises, Inc. Because Their Contacts With California Fail to Satisfy Due Process.

The basis for asserting personal jurisdiction over a non-California resident is set forth in the California long-arm statute, which is coextensive with the U.S. Constitution's Due Process Clause. Cal. Civ. Pro. Code § 410.10 (2012). The assertion of personal jurisdiction over Mr. Winker and Grant Interprises is improper in this case. To determine whether the exercise of jurisdiction over a non-California resident by a California court is proper, the Court must analyze the defendant's contacts with California under the Due Process Clause. *Autogenomics,*

*Inc. v. Oxford Gene Technology, Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). When a defendant is not physically present in the forum state, the defendant's maintenance of a website that is accessible to forum residents alone does not create sufficient contacts to confer personal jurisdiction upon the Court. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997); *See also Panavision Int'l LP v. Toeppen*, 141 F.3d 1316, 1320-21 (9th Cir. 1998).

In this case, neither Defendant Grant Winker nor Grant Interprises is physically present in the State of California. (Complaint ¶ 9; Winker Decl. ¶ 3-4.) It is uncontested that Grant Winker lives in Delray Beach, Florida. (*Id.*) Grant Interprises, Inc., of which Winker is the president, is not incorporated in the State of California, nor does it maintain an office or have any employees in the state. (Complaint ¶ 10; Winker Decl. ¶ 1.) Grant Interprises has not designated an agent for service of process in California, nor has it engaged in any print or broadcast advertising directed at the State of California. (Winker Decl. ¶ 2.) Defendant Grant Winker has no presence in California – other than that he operates a company that owns a website that is accessible in California. (*Id.* ¶ 9.) Neither Defendant regularly enters into contracts with or sells goods and services to California residents. (*Id.* ¶ 8.) This Court lacks general or specific personal jurisdiction over these Defendants, and they should be dismissed from this action.

### C.   This Court Lacks General Personal Jurisdiction over Winker and Grant Interprises Because They Lack Substantial Contacts with California.

The guiding principle for assertion of personal jurisdiction is fundamental fairness: a nonresident defendant whose contacts with the forum state are continuous and systematic should not escape the judicial reach of the forum merely because it is not incorporated there or otherwise physically present. *Helicoperos Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Thus, even when "the cause of action does not arise out of or relate to the foreign corporation's

1    activities in the forum state, due process is not offended by a state's subjecting the

2    corporation to *in personam* jurisdiction when there are sufficient contacts between

3    the state and the foreign corporation." *Id.* Conversely, fairness and reasonableness

4    dictate that an organization with only attenuated or sporadic contacts with the

5    forum should not be called upon to defend itself there. *Burger King Corp. v.*

6    *Rudzewicz*, 471 U.S. 462, 475 (1985); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th

7    Cir. 1990) (holding that personal jurisdiction could not be exercised over

8    individual partners within a partnership absent evidence of their contacts with the

9    forum state).

10       The standard for an assertion of general jurisdiction is high: "the …

11   commercial activity must be of a substantial enough nature that it 'approximate[s]

12   physical presence.'" *Gator.com*, 341 F.3d at 1079, *quoting Bancroft & Masters,*

13   *Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) Accordingly, the

14   United States Court of Appeals for the Ninth Circuit has drawn a distinction

15   between "doing business in" the forum state and "doing business with" the forum

16   state. *Bancroft*, 223 F.3d at 1086. "Factors to be taken into consideration are

17   whether the defendant makes sales, solicits or engages business in the state, serves

18   the state's markets, designates an agent for service of process, holds a license, or is

19   incorporated there." *Id*.

20       No court has ever exercised general personal jurisdiction over a defendant

21   based solely upon a defendant's Internet presence in the forum state. Particularly,

22   the *Gator.com* court observed that "even if the only contacts [defendant] had with

23   California were through its virtual store, a finding of general jurisdiction in the

24   instant case would be consistent with the 'sliding scale' test," the website at issue

25   in that case was "clearly and deliberately structured to operate as a sophisticated

26   virtual store in California." 341 F.3d at 1078. The plaintiff in *Gator.com* had

27   alleged that the defendant, a Maine corporation, operated a website "from which

28   very large numbers of California consumers regularly make purchases and interact

1   with [the defendant's] sales representatives." *Id*. In that case, the totality of the
2   defendant's contacts with California involved a thriving mail-order component and
3   national print and broadcast advertising. *Id*.

4       Courts in this state have declined to find personal jurisdiction even where a
5   defendant maintains an interactive website and has other contacts with the forum
6   state. For example, in *Boschetto v. Hansing*, , the United States Court of Appeals
7   for the Ninth Circuit noted that the "district court summarily, and correctly,
8   rejected [plaintiff's] contention that the defendants could be subject to general
9   jurisdiction in California." 539 F.3d at 1016 n.2 (9th Cir 2006). In that case, the
10  district court noted that the plaintiff, a California resident, unsuccessfully argued
11  that the non-resident defendants were subject to California's general jurisdiction
12  because their website could be accessed from within the state. *Boschetto v.*
13  *Hansing*, No. C-06-1390, 2006 WL 1980383, at *1 (N.D. Cal. 2006). Mere
14  maintenance of an interactive website accessible in California is insufficient to
15  create specific personal jurisdiction over it. *Life Alert Emergency Response, Inc., v.*
16  *Lifealert Sec., Inc.,* Case No. CV 08-3226, 2008 WL 5412431 at *4 (C.D. Cal.
17  Dec. 29, 2008).

18      In the instant case, Defendant Grant Interprises owns and operates a website
19  that provides information about law schools throughout the entire United States
20  and permits its users to discuss law schools throughout the entire United States.
21  Grant Interprises does not sell anything on its website–whether to residents of the
22  State of California or otherwise. (Winker Decl., at ¶ 8-9.) It does not direct its
23  services to residents of the State of California any more directly than it directs its
24  services to residents of the other forty-nine states or residents of any country
25  interested in learning about law schools in the United States. (*Id.*) The TLS site is
26  not hosted or located within California. (*Id.* ¶ 10.)

27      The TLS website is wholly unlike the website at issue in the *Gator.com* case
28  and does not subject its owner and operator–Defendant Grant Interprises–to

general personal jurisdiction in the State of California. Defendant Grant Winker's contacts with the State of California are even more tenuous. In fact, beyond Plaintiffs' vague and unsupported allegation that Mr. Winker is "subject to the general and specific personal jurisdiction of this Court because of [his] contacts with the State of California and [his] contacts with this District," Plaintiffs do not allege that Mr. Winker does any business with or in the State of California or has any contact with the State of California.

Simply, Plaintiffs have not alleged any conduct or relationship with the State of California sufficient to subject Mr. Winker or Grant Interprises to general jurisdiction in the state. The only "presence" that Defendants Winker and Grant Interprises have with the State of California is their involvement in with a website that is accessible to California residents in the same manner that it is accessible to users anywhere in the United States and most of the world. Moreover, while the TLS site does have some level of interactivity due to its forums, it is a far cry from–and not analogous to–the "sophisticated virtual store" at issue in *Gator.com*.

As an informational website with no sales to its visitors, the TLS website simply does not provide "grounds for the exercise of personal jurisdiction" against Grant Interprises.  And jurisdiction over Mr. Winker is even more tenuous, given that his only alleged relationship to this case is that he is president of the entity that owns and operates the TLS website, which is accessible to California residents. This Court does not have general personal jurisdiction over Grant Interprises or Grant Winker.

### D.   It Would Be Improper for the Court to Exercise Specific Personal Jurisdiction over Defendants Winker and Grant Interprises.

In the absence of general personal jurisdiction, a court may exercise specific personal jurisdiction over a non-resident party in certain circumstances. The United States Court of Appeals for the Ninth Circuit employs a three-pronged test to determine whether the exercise of specific personal jurisdiction is appropriate:

(a)     The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(b)     The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(c)     The exercise of jurisdiction must comport with notions of fair play and substantial justice. In other words, it must be reasonable.

*Boschetto*, 539 F.3d at 1016. The plaintiff bears the burden of proving the first two prongs. *Id.* If the plaintiff establishes the claim arose out of the defendant's purposeful activity within the forum state, the burden then shifts to the defendant to "come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

a.     Defendants Grant Winker and Grant Interprises did not perform any purposeful act directed at the State of California or its residents or purposefully direct any conduct at California.

In *Calder v. Jones*, 465 U.S. 783 (1984), the United States Supreme Court announced the so-called "effects test" for determining whether specific personal jurisdiction lies. That test requires: (1) an intentional act (2) directly aimed at the forum state that (3) causes injury that the defendant knows is likely to be suffered in the forum state. *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 986 (9th Cir. 2009). In *Calder*, which involved the publication of allegedly libelous stories about the plaintiff, the court held that where "California [was] the focal point both of the story and the harm suffered, [j]urisdiction over petitioners [was] therefore proper in California based upon the 'effects' of their Florida conduct in California." *Calder*, 465 U.S. at 789.

Here, neither Mr. Winker nor Grant Interprises have performed any intentional act. All that Grant Interprises has allegedly done is continue to operate a website available to Internet users all over the globe. (Winker Decl ¶ 9.) Any intentional act alleged in this case was an act engaged in by Ms. Ukusumah—and her actions cannot be reasonably imputed to Mr. Winker and Grant Interprises. All that Mr. Winker individually has done is act as the president of Grant Interprises. (*Id.*) Neither Defendant requested that Defendant Pamela Usukumah attend Plaintiff's LSAT preparation seminar or knew that she would be attending. (*Id.*) She was certainly not acting as an agent for either Defendant when she attended Plaintiffs' class or obtained their materials. (*Id.*) Neither Winker nor Grant Interprises knew that she had obtained allegedly copyrighted materials from Plaintiff or requested that she post anything to the TLS website. (*Id.*) Defendants did not even know that Defendant Usukumah had any connection to California, as they knew only that she was a student at Harvard Law School in Massachusetts. (*Id.*) To the extent that Defendants' regular and routine maintenance activities of the TLS website may be construed as intentional acts, they are not dispositive on the issue of specific personal jurisdiction. Moreover, any activities undertaken by Mr. Winker individually were undertaken pursuant to his role as the president of Grant Interprises.

In *Mavrix Photo, Inc. v. Moguldom Media Group, LLC*, this Court held that specific personal jurisdiction was improper despite the defendant's intentional acts because, as here, there had been no aiming of the website into California and the non-commercial site was only minimally interactive. Case No. CV-10-9351, 2011 U.S. Dist. LEXIS 36477, at *10 (C.D. Cal. Mar. 28, 2011). *See also Life Alert, supra*; *Nubo Nav, Inc. v. NB Labs, Ltd.,* Case No. 10-cv-2631, 2012 WL 843503 at *4 (S.D. Cal. Mar. 9, 2012). Thus, even if Defendants committed intentional acts, finding that they created specific jurisdiction in this Court would be improper as such acts were not expressly directed to California. *Calder* requires all three of its

1   elements – intentional action, express direction into the forum state, and
2   foreseeability of harm into the forum state – to be present for personal jurisdiction
3   to exist. 465 U.S. at 783.

4        Defendants' activities must have been specifically directed at California
5   residents–namely, Plaintiffs–for personal jurisdiction to be proper. *Millennium*
6   *Enter., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 921 (D. Or. 1999). As
7   demonstrated, their actions fail to meet this element as Defendants *took no action*
8   *at all*. Defendants Winker and Grant Interprises did not even know of the alleged
9   actions that Usukumah took, let alone that she took them in California. (Winker
10  Decl.) Moreover, while Ms. Usukumah's contract with Plaintiffs might have stated
11  that "any litigation arising under this agreement shall be commenced in Los
12  Angeles County, California," neither Grant Interprises nor Mr. Winker were parties
13  to or beneficiaries of that contract or even knew that Ms. Usukumah had entered
14  that contract with Plaintiffs. (Complaint at ¶ 3; Winker Decl, at ¶¶ 11-15.)

15                b.    Plaintiffs' claims did not arise out of Winker's or
16                      Grant Interprises' California-related activities
17                      because there are none.

18       In order for a California court to exercise specific personal jurisdiction over
19  Defendants, the claims at issue must have arisen from or be related to Defendants'
20  California-related activities. The United States Court of Appeals for the Ninth
21  Circuit applies a "but for" test in determining whether a claim arose from a
22  defendant's contacts with the forum state. *Ballard v. Savage*, 65 F.3d 1495, 1500
23  (9th Cir. 1995). In other words, if the plaintiff's injury would not have occurred,
24  but for the defendant's forum-related activities, the "arising out of" requirement is
25  satisfied. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d
26  1122, 1131-32 (9th Cir. 2003).

27       In this case, the "but for" test is not satisfied. Although the TLS website is
28  accessible to residents of the State of California, it is no more accessible there than

to residents of any other state. Moreover, Defendants Winker and Grant Interprises were not involved with Defendant Usukumah's decision to attend Plaintiff's bar preparation course and did not know that Defendant Usukumah would be attending Plaintiff's bar preparation course. Defendants Winker and Grant Interprises did not employ Defendant Usukumah and were not aware that she allegedly placed Plaintiff's allegedly copyrighted material on the TLS website. Neither Winker nor Grant Interprises have any contractual or other relationship with either of the Plaintiffs. (Winker Decl. ¶ 16.) Thus, Plaintiffs' claims do not arise out of Defendants' "California related activities." Specific personal jurisdiction does not exist in this case.

c.      This Court's Exercise of Specific Personal Jurisdiction Would Be Unreasonable.

A court's exercise of jurisdiction over a defendant must comport with notions of substantive justice and fair play and must be reasonable. *Boschetto*, 539 F.3d at 1016. The United States Court of Appeals for the Ninth Circuit and the United States District Court for the Central District of California consider seven factors when assessing the reasonableness of jurisdiction: (1) the extent of a defendant's purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum state; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 2d 958, 973-74 (C.D. Cal. 2008) (*citing Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002)) Courts weigh each of these factors together, and no single factor alone is dispositive. *CYBERsitter*, 805 F. Supp. 2d at 974.

Often, the first factor – "interjection" – is significant to the court's determination of the reasonableness of exercising jurisdiction in a particular case.

13

1    However, if the defendant purposefully directed his activities to the forum state,

2    then interjection is no longer considered. *Id*. The defendant in the *CYBERsitter*

3    case, unlike Winker and Grant Interprises, actively attempted to distribute

4    copyrighted material through the use of personal computers and thus directed

5    activity in the forum state. *Id*. at 972. Mr. Winker and Grant Interprises merely

6    provide passive information about law schools throughout the United States and

7    permit individuals throughout the United States and around the world to discuss

8    law schools. Defendants do not sell products or direct their activities to residents of

9    California or any other state. Because Defendants do not direct activity at the State

10   of California, this Court should consider interjection deciding whether to subject

11   Grant Interprises and Winker to jurisdiction in the State of California.

12          The United States Court of Appeals for the Ninth Circuit strongly considered

13   interjection in the *Rio Properties* case. There, the Ninth Circuit upheld the finding

14   of the United States District Court for the District of Nevada that the exercise of

15   specific jurisdiction against the Costa Rican defendant was reasonable because it

16   ran advertisements in Nevada and solicited business in Nevada through means

17   other than its website. *Rio Prop.*, 284 F.3d at 1021. Moreover, the foreign

18   defendant had not provided the court with an acceptable alternative forum for

19   litigation. *Id*.

20          Nearly all of the factors that the Central District of California and the Ninth

21   Circuit have used to subject out-of-state defendants to specific personal jurisdiction

22   are absent in this case. The most important *CYBERsitter* factors weigh in favor of

23   Grant Interprises and Winker. After all, they have not interjected themselves into

24   this district on a level that would give rise to specific personal jurisdiction, nor

25   have they specifically sought or transacted business in the State of California.

26   Rather, their only action was to create and maintain a website that is as accessible

27   to residents of the State of California on the same basis as it is to individuals

28   throughout the United States and around the world.

Moreover, Defendants did not take any action that would constitute "interjection" into the forum state. The court in *Rio Properties* based its finding of personal jurisdiction upon the defendant's advertising in the State of Nevada. In contrast, neither Winker nor Grant Interprises have involved themselves in any advertising or other commercial activity in California. (Winker Decl. ¶ 2.) Even if they had, the mere incidence of economic activity within California would not be sufficient for this Court to exercise personal jurisdiction. *Nubo Nav, Inc.*, 2012 WL 843503 at *4.

Because Defendants have no contacts with California, they would suffer severe hardship in terms of cost and asymmetries of information if forced to defend a lawsuit in this Court. Both Winker and Grant Interprises are residents of the State of Florida. (Winker Decl., at ¶ 3-4.) They administer the TLS website from the State of Florida. (*Id.* at ¶ 1.) It is unfair and unnecessarily burdensome to expect Defendants to defend themselves in a forum where they have no contacts, have directed no conduct, and did not anticipate causing injury.

The fifth *CYBERsitter* factor, the efficient resolution of this dispute, is related to Defendants' unavoidable burden if they are required to defend this lawsuit before this Court. Virtually all of the testimonial and documentary evidence in their possession are located in the State of Florida. (Winker Decl. at ¶ 1.) Thus, it would be far more efficient, and far less onerous, for a court in Florida to resolve this matter as it relates to Winker and Grant Interprises. Plaintiff certainly has the resources to bring this matter in the state of Defendants' residence and will suffer no prejudice in being forced to litigate its claims in a venue that has jurisdiction over these Defendants.

**E.      If Not Dismissed for Lack of Personal Jurisdiction, This Action Should be Transferred to the Southern District of Florida Pursuant to 28 U.S.C. § 1406(a)**

1   Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and

2   witnesses, in the interest of justice, a district court may transfer any civil action to

3   any other district or division where it might have been brought or to any district or

4   division to which all parties have consented." A transfer decision under Section

5   1404(a) is made "'according to an individualized, case-by-case consideration of

6   convenience and fairness.'" *Jones v. 3 GNC Franchising, Inc.*, 211 F.3d 495, 498

7   (9th Cir. 2000) (*quoting Stewart Org. v. 4 Ricoh Corp.*, 487 U.S. 22, 29, 101 L. Ed.

8   2d 22, 31, 108 S.Ct. 2239, 2244 (1988)).

9   A district court has broad discretion to transfer an action to another district

10  where venue is proper. *Sparling v. Hoffman Constr. Co.*, 864 F. 2d 635, 639 (9th

11  Cir. 1988).Once a court decides that an action "might have been brought" in the

12  transferee district, the court evaluates multiple factors, including: (1) the plaintiff's

13  choice of forum; (2) the convenience of the witnesses and parties; (3) the ease of

14  access to sources of proof; (4) familiarity of each forum with applicable law; (4)

15  any local interest in the controversy; and (5) the relative court congestion and time

16  to trial in each forum. *Jones*,   211 F.3d at 498. Courts construe these factors

17  broadly to consider specific facts appropriate in a given case. *Modavox, Inc. v.

18  AOL LLC*, 2009 U.S. Dist. LEXIS 40977, *7 (C.D. Cal. Apr. 14, 2009).

19  Plaintiffs' choice of California, their home state, should be disregarded

20  because, as demonstrated, Mr. Winker and Grant Interprises are not subject to

21  jurisdiction there. However, they are subject to jurisdiction in the United States

22  District Court for the Southern District of Florida. As most of the evidence and

23  witnesses are physically located in Florida, Florida has a greater local interest in

24  the matter, and the interests of justice dictate that the action should be transferred

25  to the Southern District of Florida, should the Court elect to transfer and not

26  dismiss it.

27  "The convenience of the witnesses is often the most important factor

28  considered by the Court when deciding a motion to transfer under Section

1404(a)." *Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, 2006 U.S. Dist. LEXIS 37641, *7 (C.D. Cal. June 6, 2006). Because Grant Winker, the sole officer of Grant Interprises, resides in Florida and has no connection with California, it would be terribly inconvenient to require him, or other relevant witnesses in Florida, to travel thousands of miles to testify in this action, particularly since there is no jurisdiction over Winker, Grant Interprises or Ken DeLeon in this District. This is especially true given that Plaintiffs will undoubtedly seek the production of documents and depositions of witnesses located in Florida. Note that Defendant Ken DeLeon has consented to proceed in the Souther District of Florida aslong as he recognizes that the majority of discoverable information in Defendants' possession is located there. And Plaintiffs cannot justify imposing the burden of travel on Defendants or subjecting them to this Court's jurisdiction. Accordingly, the convenience of the parties and witnesses also militates in favor of transferring this action to the Southern District of Florida.

Because this is a copyright case arising under federal law, any federal district court, including the Southern District of Florida, is more than capable of deciding it. Defendants Grant Winker and Grant Interprises are unaware of whether the Southern District of Florida has more or less congestion or shorter or longer trial times than this Court. Accordingly, these factors should not influence the Court's decision. Rather, because Defendants are subject to jurisdiction in Florida and not California, and because it would be unfair to force Florida residents to travel to California to participate in this lawsuit, this Court should transfer the matter to the Southern District of Florida, if it elects not to dismiss the action.

## IV.  CONCLUSION

Pursuant to the Due Process Clause of the United States Constitution, the contacts that Defendants Grant Interprises and Winker maintain with the State of California are insufficient to confer this Court with personal jurisdiction over them

17

1   in the instant dispute – whether general or specific in nature. Accordingly, these

2   moving Defendants respectfully request that this Court dismiss Plaintiffs'

3   Complaint against them for lack of personal jurisdiction.

4

5

6   Date: May 3, 2013                    *s/Marc J. Randazza*

7                                         Marc J. Randazza, Esq. CA Bar No. 269535
                                          Randazza Legal Group
8                                         6525 Warm Springs Rd., Suite 100

9                                         Las Vegas, NV 89118
                                          888-667-1113
10                                        305-437-7662 (fax)

11                                        ecf@randazza.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that the foregoing documents were filed in this Court's

4   CM/ECF system on May 3, 2013.

5

6   Date: May 3, 2013

7                                        Laura M. Tucker
                                         Randazza Legal Group
8                                        6525 Warm Springs Rd., Suite 100
                                         Las Vegas, NV 89118
9                                        888-667-1113
10                                       305-437-7662 (fax)
                                         ecf@randazza.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28