Marc J. Randazza, Esq. CA Bar No. 269535
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

Attorneys for Defendants,
GRANT WINKER, KEN DELEON
and GRANT INTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SINGH and ROBIN SINGH EDUCATIONAL SERVICES, INC., a California corporation, doing business as TESTMASTERS,<br><br>Plaintiffs,<br><br>vs.<br><br>GRANT WINKER, individual and doing business as TOP-LAW-SCHOOLS.COM; KEN DeLEON, individually and doing business as TOP-LAW-SCHOOLS.COM; GRANT INTERPRISES INC., a Florida corporation doing business as TOP-LAW-SCHOOLS.COM; PAMELA USUKUMAH; and DOES 1-10,<br><br>Defendants. | Case No. CV13-01001RGK(JCGx)<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT KEN DELEON'S 12(b)(3) MOTION TO DISMISS AND STIPULATION TO 12(b)(2) MOTION OF DEFENDANTS GRANT WINKER AND GRANT INERPRISES, INC.<br><br>Hearing Date: June 10, 2013<br>Hearing Time: 9:00 AM<br>Courtroom: 850 |

1

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs' claims in this lawsuit all relate to Defendant Pamela Usukumah's alleged distribution of Testmasters' copyrighted Law School Admission Test ("LSAT") materials. Specifically, Plaintiffs allege that Ms. Usukumah took Plaintiffs' LSAT preparation course in late 2009 and signed an enrollment agreement where she agreed "not to copy or distribute Testmasters' course materials." (Compl ¶ 26.) In October of 2012, Ms. Usukumah allegedly posted an offer on Top-Law-Schools.com ("TLS"), where she was a forum moderator, to send—from her personal e-mail account—Plaintiffs' alleged copyrighted materials to those that contacted her. (Compl. ¶¶ 29–33.)

Plaintiffs sued Defendants Grant Interprises, Inc., Grant Winker, and movant Ken DeLeon solely because they allegedly own and operate the TLS website. (Compl. ¶¶ 6–11.) Plaintiffs allege that Grant Interprises and Mr. Winker are Florida residents and that Mr. DeLeon is a resident of Palo Alto, California. (Compl. ¶¶ 7, 9, 10.) Plaintiffs apparently filed suit in this Court because "Defendant Usukumah's Enrollment Agreement with Testmasters says, 'any litigation arising out of this agreement shall be commenced in Los Angeles County, California.'" (Compl. ¶ 2.)

Contrary to Plaintiffs' allegations, Defendant Ken DeLeon sold his interest in TLS to Mr. Winker in February 2011. (Declaration of Ken DeLeon ¶ 2.) Accordingly, he had no involvement with TLS at the time the facts giving rise to this Complaint allegedly occurred. He has no contacts with the United States District Court for the Central District of California sufficient to confer personal jurisdiction or venue upon him. As such, Mr. DeLeon should be dismissed from this action for improper venue. However, if the Court grants Defendants Grant Winker and Grant Interprises, Inc.'s request to transfer to the United States District Court for the Southern District of California, Defendant Ken DeLeon hereby stipulates to that relief.

## II. LEGAL ARGUMENT

### A. Standard of Review

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss on the basis of improper venue. Plaintiffs must demonstrate that the court has personal jurisdiction over all defendants and that venue is proper. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). When a defendant challenges jurisdiction or venue, the court is only required to accept "uncontroverted allegations in plaintiff's complaint" as true. *Brayton Purcell*, 606 F.3d at 1128.

In a copyright infringement action, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit Court of Appeals interprets this statute to mean that venue is appropriate "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Brayton Purcell*, 606 F.3d at 1128. Although Defendant Ken DeLeon is a California resident, he lives in Palo Alto, which is outside the jurisdiction of this Court. (Compl. ¶ 7; DeLeon Decl. ¶ 1.) Rather, it is located within the United States District Court for the Northern District of California. Thus, this Court must determine whether the exercise of general or specific jurisdiction over Mr. DeLeon in this District is appropriate for venue to be proper. And because Mr. DeLeon would not be subject to jurisdiction within the Central District of California if it were a separate state, venue is improper, and this Complaint should be dismissed with respect to him.

### B. This Court Lacks General Personal Jurisdiction over Ken DeLeon Because He Lacks Substantial Contacts with the Central District of California.

The exercise of personal jurisdiction must be fair: a nonresident defendant who it not physically present may escape judicial reach if she has continues and systematic contacts with the forum. *See Helicoperos Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). However, fairness dictates that a defendant

should not be hailed into a forum that she has only attenuated or sporadic contacts with. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *See also Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (holding that personal jurisdiction improper over individual partners absent evidence of their contacts with the forum state).

The standard to assert general jurisdiction is high: "the … commercial activity must be of a substantial enough nature that it 'approximate[s] physical presence.'" *Gator.com Corp v. L.L. Bean, Inc.*, 341 F.3d at 1072, 1079 (9th Cir. 2003). Accordingly, the Ninth Circuit distinguishes between "doing business in" the forum state and "doing business with" the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086. "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id*.

No court has ever exercised general personal jurisdiction over a defendant based solely upon that defendant's Internet presence in the forum state. In *Gator.com,* the defendant, a Maine corporation, operated a website "from which very large numbers of California consumers regularly make purchases and interact with [the defendant's] sales representatives." *Gator.com,* 341 F.3d at 1078. In that case, the totality of the defendant's contacts with California were a thriving mail-order component and national print and broadcast advertising. The Ninth Circuit held that "even if the only contacts [defendant] had with California were through its virtual store, a finding of general jurisdiction in the instant case would be consistent with the 'sliding scale' test," as the website at issue in that case was "clearly and deliberately structured to operate as a sophisticated virtual store in California." *Id*.

Courts in this forum have declined to exercise personal jurisdiction even where a defendant maintains an interactive website and has other contacts with the

forum state. For example, in *Boschetto v. Hansing*, the Ninth Circuit noted that the "district court summarily, and correctly, rejected [plaintiff's] contention that the defendants could be subject to general jurisdiction in California" 539 F.3d 1011, 1016 n.2 (9th Cir. 2006). In that case, the plaintiff, a California resident, unsuccessfully argued that the non-resident defendants were subject to California's general jurisdiction because their website could be accessed from within the state. *See Boschetto v. Hansing*, No. C-06-1390, 2006 WL 1980383, at *1 (N.D. Cal. 2006). Thus, "[m]ere maintenance of an interactive website" does not in itself create specific jurisdiction over a foreign defendant. *Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.*, CV 08-3226, 2008 WL 5412431 at *4 (C.D. Cal. Dec. 29, 2008).

In the instant case, the same analysis spans across different venues within California, rather than different states; however, the conclusion is identical—a resident of the Northern District of California cannot be subject to the jurisdiction of the Central District of California simply because their website—even an interactive one —can be accessed there.

Mr. DeLeon has no demonstrable contacts with the Central District of California sufficient for the fair exercise of general personal jurisdiction over him in this District. Until February of 2011, he co-owned a website that was accessible to the residents of this District. He did not direct its services to residents of this District any more directly than it directed its services towards any other federal district. (DeLeon Decl. ¶ 2–3.) Moreover, the TLS site neither hosted nor located within this District. (*Id*. ¶ 3.) TLS did not sell anything or direct any advertising to residents of this District. (*Id*. ¶ 3.)

Beyond Plaintiffs' vague and unsupported allegations that Mr. DeLeon is "subject to the general and specific personal jurisdiction of this Court because of [his] contacts with … this District," Plaintiffs do not allege that Mr. DeLeon does any business with this District or has any contact with this District. (Compl. ¶ 3.)

Mere conclusory statements that support recitals of the elements of a cause of action are not sufficient as the basis for a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, it is inappropriate – particularly in the context of a motion to dismiss for improper venue – to assume that nothing more than legal conclusions are true. *Id.* at 679. Plaintiffs have demonstrated no basis for the assertion of general jurisdiction against Mr. DeLeon in this District. Venue is improper, and the Complaint should be dismissed with respect to Mr. DeLeon.

### C. It Would Be Improper for the Court to Exercise Specific Personal Jurisdiction over Defendant Ken DeLeon.

In the absence of general personal jurisdiction, a court may exercise specific personal jurisdiction over a non-resident party in certain circumstances. The United States Court of Appeals for the Ninth Circuit employs a three-pronged test to determine whether the exercise of specific personal jurisdiction is appropriate:

> (a) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (b) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (c) The exercise of jurisdiction must comport with notions of fair play and substantial justice. In other words, it must be reasonable.

*Boschetto*, 539 F.3d at 1016. The plaintiff bears the burden of proving the first two prongs. *See id.* If the plaintiff succeeds in establishing that the claim arose out of the defendant's purposeful activity within the forum, the burden then shifts to the defendant to "come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

> *1.  Defendant Ken DeLeon did not perform any purposeful act directed at the Central District of California or its residents or purposefully direct any conduct at this District.*

In *Calder v. Jones*, 465 U.S. 783 (1984), the United States Supreme Court announced the so-called "effects test" for determining whether specific personal jurisdiction lies. That test requires: (1) an intentional act (2) directly aimed at the forum state that (3) causes injury that the defendant knows is likely to be suffered in the forum state. *See Brayton Purcell*, 575 F.3d 981, 986 (9th Cir. 2009). In *Calder*, which involved the publication of allegedly libelous stories about the plaintiff, the court held that where "California [was] the focal point both of the story and the harm suffered, [j]urisdiction over petitioners [was] therefore proper in California based upon the 'effects' of their Florida conduct in California." 465 U.S. at 789.

Here, Mr. DeLeon has not performed any intentional act aimed at the Central District of California. Although he co-owned TLS for a period of time, he divested his interest in February of 2011, more than 18 months <u>before</u> Ms. Usukumah allegedly started a thread on the TLS offering to distribute Plaintiffs' alleged copyrighted materials. (Complaint ¶ 30; DeLeon Decl. ¶¶ 2, 5.) Since February of 2011, Mr. DeLeon has had no involvement with TLS. (DeLeon Decl. ¶ 2.) Mr. DeLeon neither requested that Defendant Usukumah attend Plaintiff's LSAT course nor did he know she even attended. (*Id.*) She was not Mr. DeLeon agent when she attended Plaintiffs' class or obtained their materials. (*Id.*) And Mr. DeLeon certainly did not instruct Ms. Usukumah to post an offer to distribute Plaintiffs' copyrighted materials on the TLS website. In fact, he had no involvement with TLS at that time. (*Id.*)

In *Mavrix Photo, Inc. v. Moguldom Media Group, LLC*, this Court held that specific personal jurisdiction was improper despite the defendant's intentional acts because, as here, the website was not aimed into the forum and the non-

commercial site was only minimally interactive. Case No. CV-10-9351, 2011 U.S. Dist. LEXIS 36477, at *10 (C.D. Cal. Mar. 28, 2011). Thus, even if Mr. DeLeon performed any intentional acts, the exercise of specific jurisdiction in this Court would be improper, as *Calder* requires all three of its elements – intentional action, express direction into the forum state, and foreseeability of harm into the forum state – to be present for personal jurisdiction to exist. 465 U.S. at 783.

Defendant's activities must have been specifically directed at Central District of California residents – namely, Plaintiffs – for personal jurisdiction to be proper. *See Millennium Enter., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 921 (D. Ore. 1999). Because Mr. DeLeon took no action at all, he cannot have directed any activity at the this forum. Mr. DeLeon did not even know of the alleged actions that Usukumah took, let alone that she took them in California. (*See* De Leon Decl., at ¶ 4.) Moreover, while Ms. Usukumah's contract with Plaintiffs might have stated that "any litigation arising under this agreement shall be commenced in Los Angeles County, California," Mr. DeLeon was not a party to that contract or even knew that Ms. Usukumah had entered that contract with Plaintiffs. (Compl.¶ 3; DeLeon Decl. ¶ 6.)

> 2. *Plaintiffs' claims do not arise out of DeLeon's Central District of California-related activities because there are none.*

For this Court to exercise specific personal jurisdiction over Ken DeLeon, the claims at issue must have arisen from his activities related to the Central District of California. The Ninth Circuit applies a "but for" test to determine whether a claim arose from a defendant's contacts with the forum. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). In other words, if, but for the defendant's forum-related activities, the plaintiff's injury would not have occurred, the "arising out of" requirement is satisfied. *See Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131-32 (9th Cir. 2003).

In this case, the "but for" test is not satisfied. At the time the acts giving rise to this lawsuit occurred, Mr. DeLeon was no longer affiliated with the TLS website in any way and was not involved with Ms. Usukumah's decision to attend Plaintiffs' bar preparation course. He was not involved with Ms. Usukumah's alleged placement of Plaintiffs' copyrighted materials onto the TLS website. Simply, he took no action whatsoever that was aimed at this District. Venue in this District is improper with respect to Mr. DeLeon.

### 3. *This Court's exercise of specific personal jurisdiction would be unreasonable.*

Finally, a court's exercise of jurisdiction over a defendant must comport with notions of substantive justice and fair play and must be reasonable. *Boschetto*, 539 F.3d at 1016. The Ninth Circuit and the United States District Court for the Central District of California consider seven factors when assessing the reasonableness of jurisdiction: (1) the extent of a defendant's purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum state; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 2d 958, 973-74 (C.D. Cal. 2008). Courts weigh each of these factors together, and no single factor alone is dispositive. *CYBERsitter*, 805 F. Supp. 2d at 974.

Often, the first factor–"interjection"–is significant to the court's determination of the reasonableness of exercising jurisdiction in a particular case. However, if the defendant purposefully directed his activities to the forum state, then interjection is no longer considered. *Id*. The defendant in the *CYBERsitter* case, unlike Mr. DeLeon, actively attempted to distribute copyrighted material using personal computers and thus directed activity in the forum state. *Id*. at 972.

TLS merely provides passive information about law schools throughout the United States and permits individuals worldwide to discuss law schools. He never sold products or directed his activities to residents of this, or any other, District. And by the time the facts giving rise to this lawsuit allegedly arose, he had not been involved with the TLS website for more than 18 months. Because he did not direct activity at this District —indeed, there was no activity regarding TLS to direct— this Court should consider interjection prior to deciding whether to subject Mr. DeLeon to jurisdiction in the Central District of California.

The Ninth Circuit strongly considered interjection in the *Rio Properties* case. There, the Ninth Circuit upheld the Nevada District Court's exercise of specific jurisdiction against the Costa Rican defendant was reasonable because it ran advertisements and solicited business in that district through means other than its website. *See Rio Prop.*, 284 F.3d at 1021. Moreover, the foreign defendant did not offer an acceptable alternative forum. *Id*. Such conduct is absent in this case.

Nearly all of the factors that the Central District of California and the Ninth Circuit have used to subject out-of-state defendants to specific personal jurisdiction are absent. The most important *CYBERsitter* factors weigh in favor of Mr. DeLeon and the granting of this motion. He has not interjected himself into this district, nor has he specifically sought or transacted business in the Central District of California. In fact, he was not involved with the TLS for many months when the facts allegedly giving rise to this case occurred.

Defendant would suffer severe hardship in terms of cost and asymmetries of information if forced to defend a lawsuit in this Court. He resides in the Northern District of California. All relevant documents supporting his defenses are within that District and within the Southern District of Florida. It is unnecessarily burdensome to expect him to defend himself here, where he has no contacts and could not have anticipated causing injury.

**D. Alternatively, Mr. DeLeon Stipulates to the granting of the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) Filed by Grant Winker and Winker Interprises.**

This case should be dismissed with regard to Mr. DeLeon for improper venue. However, if this Court transfers this case to the United States District Court for the Southern District of Florida pursuant to the alternative relief requested by Defendants Grant Winker and Grant Interprises Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), Mr. DeLeon consents to proceeding before that court.

Mr. DeLeon acknowledges that the Southern District of Florida is even further removed from his place of residence than the Central District of California. However, Mr. DeLeon recognizes that /many of the witnesses and documents that he will need to defend against Plaintiffs' claims are located in that District. (DeLeon Decl. ¶ 7.) Thus, both his lawyers and he will be required to travel to that District to defend this lawsuit. As such, the Southern District of Florida would be a far less burdensome venue than the Central District of California for Mr. DeLeon.

## III. CONCLUSION

Personal jurisdiction over Mr. DeLeon would not exist in this District if it was a separate state and, as such, venue in this District is improper. Mr. DeLeon requests that this Court dismiss this action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or transfer it to the Southern District of Florida.

Date: May 3, 2013          *s/Marc J. Randazza*
                           Marc J. Randazza, Esq. CA Bar No. 269535
                           Randazza Legal Group
                           6525 Warm Springs Rd., Suite 100
                           Las Vegas, NV 89118
                           888-667-1113
                           305-437-7662 (fax)
                           ecf@randazza.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents were filed in this Court's CM/ECF system on May 3, 2013.

Date: May 3, 2013

*[signature]*

Laura M. Tucker
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com