Marc J. Randazza, Esq. CA Bar No. 269535
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

Attorneys for Defendants,
GRANT WINKER, KEN DELEON
and GRANT INTERPRISES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SINGH and ROBIN SINGH EDUCATIONAL SERVICES, INC., a California corporation, doing business as TESTMASTERS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GRANT WINKER, individual and doing business as TOP-LAW-SCHOOLS.COM; KEN DeLEON, individually and doing business as TOP-LAW-SCHOOLS.COM; GRANT INTERPRISES INC., a Florida corporation doing business as TOP-LAW-SCHOOLS.COM; PAMELA USUKUMAH; and DOES 1-10,<br><br>    Defendants. | Case No. CV13-01001RGK(JCGx)<br><br>DEFENDANTS GRANT INTERPRISES, GRANT WINKER, AND KEN DELEON'S MEMORANDUM IN SUPPORT OF 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT<br><br>Hearing Date: June 10, 2013<br>Hearing Time: 9:00 AM<br>Courtroom: 850 |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Grant Interprises, Inc., Grant Winker, and Ken DeLeon, by and through their counsel, move to dismiss Plaintiffs' claims for breach of confidence, interference with contract, and unfair competition. While these claims are baseless and without merit, they are also preempted by the United States Copyright Act. Based upon the points and authorities set forth below, the Court should dismiss in their entirety Plaintiffs' claims for breach of confidence, interference with contract, and unfair competition with prejudice.

I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiffs allegedly provide Law School Admission Test ("LSAT") preparation courses to prospective law students and require their customers to sign enrollment agreements stating that they will not distribute Plaintiffs' copyrighted works. (Complaint ¶ 25.) Defendant Pamela Usukumah, who is not a party to this Motion, attended Plaintiffs' LSAT preparation course and executed their enrollment agreement in late 2009. (*Id.* at ¶ 26.) Plaintiffs allege that, thereafter, Defendant Usukumah breached that agreement and offered to send Plaintiffs' copyrighted materials on the <top-law-schools.com> website, which is operated by Defendant Grant Interprises. (*Id.* at ¶¶ 29–33.) Plaintiffs filed a Complaint against Ms. Usukumah and the moving Defendants. Specifically, Plaintiffs assert claims against Grant Interprises, Grant Winker, and Ken DeLeon for copyright infringement under federal law and breach of confidence, interference with contract, and unfair competition under California law.

For their copyright claim, Plaintiffs allege, in pertinent part, that Defendants "infringed … copyrights in the Copyrighted Works by *copying them and distributing them* by transfer, sale, or lending to the public, without any permission, consent, or license." (Complaint ¶ 36 (emphasis added).)

For their breach of confidence claim, Plaintiffs allege, in pertinent part, that Defendants "violated the confidentiality of [Plaintiffs'] proprietary course

materials *by copying them and distributing them.*" (Complaint ¶ 51 (emphasis added).)

For their interference with contract claim, Plaintiffs allege, in pertinent part, that Defendants interfered with Plaintiffs' contract with a third party by "*copying and distributing*" Plaintiffs' "confidential and proprietary course materials." (Complaint ¶ 62 (emphasis added).)

Finally, for their unfair competition claim, Plaintiffs allege, in pertinent part, that Defendants have deceived the public "as to the source, nature, characteristics, and quality" of Plaintiffs' copyrighted materials through Defendants' alleged copying and distribution of the materials. (Complaint ¶¶ 70–72.)

## II. ARGUMENT

State law and common law claims are preempted by the United States Copyright Act if: (1) a plaintiff asserts a right under state or common law equivalent to those protected by the Copyright Act; and (2) the work at issue falls within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998); *see also* 17 U.S.C. § 301(a). The work involved in this case–LSAT preparation materials–qualifies as a literary work under the Copyright Act. 17 U.S.C. § 101 (defining "literary work"). Accordingly, the second element of the preemption test is established. The only issue then is whether the first element is established – whether Plaintiffs' claims for breach of confidence, interference with contract, and unfair competition are rights equivalent to those protected by the Copyright Act.

First, Plaintiffs' unfair competition claim seeks protection equivalent to rights protected by the Copyright Act. That claim alleges that Defendants copied Plaintiffs' copyrighted materials, thus causing deception as to the "source, nature, characteristics, and quality" of the Plaintiffs' alleged copyrighted materials. (Complaint ¶¶ 70–72). The Copyright Act clearly protects the copyright owner's right to control the copying of their work. 17 U.S.C. § 106(1). Similarly, the right

of "attribution" (*i.e.*, who created the work) is a right protected under the Copyright Act. 17 U.S.C. § 106A. The United States Court of Appeals for the Ninth Circuit has held that claims for unfair competition similar to Plaintiffs' claim are preempted by the Copyright Act. *See, e.g.*, *Kodalek*, 152 F.3d at 1213; *See also, Norse v. Henry Holt and Co.*, 991 F.2d 563, 565 (9th Cir. 1993) (holding that plaintiff's unfair competition claim, based upon defendant's alleged misappropriation of a copyrighted work and palming it off as his own, was preempted by the Copyright Act). Because Plaintiffs' unfair competition claim seeks to protect the same rights that the Copyright Act exclusively protects, this claim is preempted and must be dismissed.

Next, Plaintiffs' claims for breach of confidence and interference with contract are similarly premised upon Defendants' alleged copying and distribution of Plaintiffs' copyrighted course materials. (Complaint ¶¶ 51, 62.) Again, these rights are within the scope of exclusive rights the Copyright Act protects. Specifically, the United States Copyright Act grants the copyright owner the exclusive right to reproduce, create derivative works based on, distribute, and publicly display copyrighted works. 17 U.S.C. § 106. Thus, appropriating and using someone's copyrighted works are within these exclusive rights. To avoid preemption by the Copyright Act, a breach of confidence claim must contain an "extra element" of: (1) a confidential relationship or (2) an understanding that the confidential materials would not be disclosed to others. *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1191 (C.D. Cal. 2001). But where the facts do not differ "qualitatively" from a copyright claim, and the claim is premised upon the same conduct that underpins the copyright claim, the claim is preempted. *Id.* Because Plaintiffs fail to allege conduct that is qualitatively different from their copyright infringement claim, the Copyright Act preempts Plaintiffs' breach of confidence claim and it must be dismissed.

Similarly, tortious interference with contract claims are also preempted by the Copyright Act if it arises from the same conduct. *See, e.g.*, *Motown Record Corp. v. George A. Hormel & Co.*, 657 F.Supp. 1236, 1240 (C.D. Cal 1987) (holding interference with prospective economic advantage preempted by Copyright Act, relying on *Harper & Row Publishers, Inc.v. Nation Enterprises*, 723 F.2d 195 (2d Cir. 1983) *rev'd on other grounds,* 471 U.S. 539 (1985), in which the court held that interference with contract was preempted by the Copyright Act because the rights asserted were not qualitatively different). Because Plaintiffs' interference with contract claim does not assert conduct that is qualitatively different than their copyright infringement claims, it is preempted and should be dismissed with prejudice.

## III.   CONCLUSION

For the reasons stated herein, the Court should dismiss Plaintiffs' claims for breach of confidence, interference with contract, and unfair competition with prejudice. These claims are preempted by the United States Copyright Act.

Date: May 3, 2013

 s/Marc J. Randazza
Marc J. Randazza, Esq. CA Bar No. 269535
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents were filed in this Court's CM/ECF system on May 3, 2013.

Date: May 3, 2013

*[signature]*
Laura M. Tucker
Randazza Legal Group
6525 Warm Springs Rd., Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com